**RED LAKE BAND OF CHIPPEWA INDIANS, Appellant,**

v.

**STATE OF MINNESOTA et al., Appellees.**

**No. 79–1420.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1980.

Decided Jan. 31, 1980.

---

Rodney J. Edwards, Edwards, Edwards & Bodin, Duluth, Minn., for appellant.

James M. Schoessler, Sp. Asst. Atty. Gen., Dept. of Natural Resources, St. Paul, Minn., for appellee; Warren R. Spannaus, Atty. Gen., C. Paul Faraci, Deputy Atty. Gen., St. Paul, Minn., on brief.

Tom Tobin, Tobin Law Offices, Winner, S. D., for intervenors-appellees; Aurel L. Ekvall, Clearwater County Atty., Bagley, Minn., William W. Shakely and David Albert Mustone, Washington, D. C., on brief.

Before ROSS and HENLEY, Circuit Judges, and PORTER, District Judge.[*]

PER CURIAM.

The Red Lake Band of Chippewa Indians appeals from the decision of the district court[1] in which its claims of hunting, fishing, trapping, and wild rice gathering rights in approximately 2.6 million acres of land in the state of Minnesota were denied.

This dispute arises out of the circumstances surrounding the Band's cession of two parcels of land to the federal government in 1889 and 1904,[2] and specifically whether any of the above-mentioned rights in the land were retained. Since the time the land was ceded to the government, the state of Minnesota has exercised full jurisdiction over Indians in the territory, including the regular enforcement of state gaming laws against members of the Red Lake Band. The Band seeks now to free its members of the state's control, by contending that its grant of rights, title and interest in the land to the United States did not include hunting, fishing, trapping and wild rice gathering rights. We disagree.

We have reviewed the applicable case law, the briefs of the parties and the record before us on appeal. We agree with the district court's conclusion that the Red Lake Band gave up its rights to hunt, fish, trap and gather wild rice free of the state's regulation of such activities. We would like also to point out that our disposition of this case in no way conflicts with our recent decision in *United States v. Dupris,* 612 F.2d 319 (8th Cir., 1979), wherein we found no clear congressional intent to diminish the boundaries of the reservation there in question. In the present appeal, the boundaries of the reservation were clearly diminished. The Band claims, however, that even so, its rights to fish and hunt pursuant to prior treaties were not abrogated. Again, we disagree and we affirm on the basis of the trial court's well reasoned decision of March 28, 1979.

---

[*] The Honorable Donald J. Porter, United States District Judge for the District of South Dakota, sitting by designation.

1. The United States District Court for the District of Minnesota, the Honorable Edward J. Devitt, Chief Judge.

2. Pursuant to the Nelson Act of January 14, 1889, 25 Stat. 642, and the Act of February 20, 1904, 33 Stat. 46, the Band ceded to the United States "all our right, title, and interest in and to all" of the land here in question.