2004 ND 198

**Virgil ROTT, Shirley H. Rott, and Dwight D. Rott, Plaintiffs and Appellants**

v.

**CONNECTICUT GENERAL LIFE INSURANCE CO., Defendant and Appellee.**

**No. 20040172.**

Supreme Court of North Dakota.

Nov. 2, 2004.

---

Dwight Rott (argued), pro se, Dawson, N.D.; Virgil Rott (appeared), pro se and Shirley H. Rott (on brief), pro se, Jamestown, N.D., plaintiffs and appellants.

Howard D. Swanson, Letnes, Marshall, Swanson & Warcup, Ltd., Grand Forks, N.D., for defendant and appellee.

NEUMANN, Justice.

[¶ 1] Virgil Rott, Shirley Rott, and Dwight Rott appealed from an order denying their motion for a default judgment and dismissing their request for relief from a foreclosure judgment and sale of land. Because the Rotts have conveyed their claimed interest in the land by quitclaim deed to an entity that has not been substituted as a party to this appeal, we dismiss the Rotts' appeal.

[¶ 2] In 1983, Connecticut General Life Insurance Company obtained a foreclosure judgment against Virgil and Shirley Rott. During the foreclosure proceedings, the Rotts filed bankruptcy proceedings on more than one occasion, and the foreclosure proceedings resulted in protracted litigation. *See Rott v. Jaeger*, 510 N.W.2d 651 (N.D.1994); *Rott v. Connecticut Gen. Life Ins. Co.*, 478 N.W.2d 570 (N.D.1991) *cert. denied* 504 U.S. 959, 112 S.Ct. 2313, 119 L.Ed.2d 233 (1992); *Connecticut Gen. Life Ins. Co. v. Rott*, 422 N.W.2d 98 (N.D. 1988). Connecticut General ultimately purchased the property at a foreclosure sale. The Rotts did not redeem the property, and Connecticut General obtained a sheriff's deed and eventually sold the property to third parties.

[¶ 3] In 2004, the Rotts brought this proceeding, styled as a "complaint to void judgments and their actions" under N.D.R.Civ.P. 60(b)(iv). Rotts sought relief from the foreclosure judgment and the sale of the property, which they claimed were void because the judgment and the sale occurred while bankruptcy proceedings were pending and the bankruptcy court had exclusive jurisdiction. Connecticut General did not answer, and the Rotts moved for a default judgment. The trial court denied the Rotts' motion for a default judgment and dismissed their proceeding, concluding it was barred by laches, by res judicata and collateral estoppel, and by N.D.C.C. § 28–01–15(2) and (3).

[¶ 4] After the Rotts filed their notice of appeal, they filed documentation with this Court, stating they had deeded their interest in the land by quitclaim deed to the Pembina Nation Little Shell Band of North America. The Rotts' documentation includes the quitclaim deed, which indicates it was notarized and recorded in the Kidder County Recorder's Office in August 2004, and conveyed the Rotts' interest in the land to the Pembina Nation Little Shell Band of North America. During oral argument to this Court, the Rotts acknowledged the quitclaim deed had been executed and recorded. The quitclaim deed transferred the Rotts' interest, if any, in the land to "the Pembina Nation Little Shell Band of North America." *See Gajewski v. Bratcher*, 221 N.W.2d 614, 637 (N.D.1974). The Pembina Nation Little Shell Band of North America has not been substituted as a party to this appeal under N.D.R.App.P. 43(b). If no action has been taken to substitute the appropriate entity

as a party to this appeal, the appeal may be dismissed. *See* N.D.R.App.P. 43(a)(1) and (b).

[¶ 5]   We dismiss the Rotts' appeal.

[¶ 6] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.