**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

|   |   |
|---|---|
| ROBERT MULDER and TAMARA L. MULDER,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>SCOTT LUNDBERG; LUNDBERG & ASSOCIATES; ALEJANDRO MAYNEZ; MAYNEZ LAW FIRM; DEANNA MARIE LASKER-WARDEN; BEAN & SMEDLEY CHASE MANHATTAN MORTGAGE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MARIA SEVERINO-ROLLER; TONI M. KLYSZ,<br><br>Defendants - Appellees. | No. 05-4044<br><br>District of Utah<br><br>(D.C. No. 2:04CV1200 DAK) |

**ORDER AND JUDGMENT** *

Before **HARTZ** , **BARRETT** , and **McCONNELL** , Circuit Judges.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs Robert and Tamara Mulder defaulted on loans secured by two parcels of real property in Utah County and Weber County, Utah. In response, Defendants Scott Lundberg and Lundberg & Associates initiated nonjudicial foreclosure proceedings as authorized by Utah law.[1] The Mulders subsequently transferred their interest in both parcels by quitclaim deed to the Pembina Nation Little Shell Band of North America. They then filed an action *pro se* in federal court, claiming that Utah's nonjudicial foreclosure statute violated their "fundamental, God-given and Constitutionally supported Rights" as "Sovereign Citizens" of the Pembina Nation Little Shell Band of North America. Compl. 2–3. The complaint requested an injunction barring the Defendants from selling, transferring, or conveying the two parcels.

The district court dismissed the action with prejudice on January 11, 2005, citing defective service, lack of standing, and failure to state a claim for which relief can be granted under Rule 12(b). The court subsequently denied the Mulders' motion to amend the complaint on January 20. On March 2, the district court issued an order quashing an apparently unfiled "Notice of Removal" and "Summons and Complaint," which purported to remove the action to the "Federal

---

[1]A number of additional parties, including Chase Manhattan Mortgage Corp. and several individual attorneys, were subsequently joined as defendants and submitted separate briefs on appeal. For the sake of convenience, we refer to both sets of defendants collectively as "Defendants."

Tribal Circuit Court" for the Pembina Nation Little Shell Band. The Mulders filed a notice of appeal on March 9.

This Court has jurisdiction over the appeal. A notice of appeal in a civil case where the United States is not a party must be filed within 30 days of the date of entry of judgment, Fed. R. App. P. 4(a)(1)(A), and an unfiled notice of "removal" to another court does not extend the time to file a notice of appeal, *see* Fed. R. App. P. 4(a)(4)(A). For a motion to dismiss under Rule 12(b), however, entry of judgment does not take place until it is "set forth on a separate document" or when 150 days have run from entry in the civil docket. Fed. R. Civ. P. 58(b)(2). In this case, the Plaintiffs filed a notice of appeal 57 days after the district court dismissed their action. Because the district court did not set forth its judgment on a separate document, entry of judgment had not yet occurred and filing of the notice of appeal was timely.

Nonetheless, we do not reach the merits of the Mulders' claims because they lack standing to assert them in federal court. Article III limits federal courts to hearing "cases" or "controversies," which requires the following: (1) that the plaintiff "suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) that the injury is "fairly . . . trace[able] to the challenged action of the defendant"; and (3) that it is "likely, as opposed to

-3-

merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted). We review *de novo* a district court's dismissal with prejudice for lack of standing. *See United States v. Colo. Supreme Ct.*, 87 F.3d 1161, 1164 (10th Cir. 1996). In this case, as the complaint acknowledges, the Mulders surrendered title to both parcels to the Pembina Nation Little Shell Band of North America. The quitclaim deeds signed by the Mulders relinquished "all the right, title, interest and claim . . . in and to" the properties. App. 24. Accordingly, the sale, transfer, or conveyance of the properties would not cause any "injury in fact" to the Mulders. Further, the injunctive relief requested in the complaint would not redress any injury to the Mulders. The Mulders lack standing to enjoin the Defendants from taking action against a third party regarding parcels of land they no longer own.

Moreover, the Mulders do not enjoy sovereign immunity on the facts set forth in the complaint. Tribal sovereign immunity inheres in the tribe itself, not in individual tribe members acting in their capacity as individuals. *See Puyallup Tribe, Inc. v. Dep't of Game of State of Wash.*, 433 U.S. 165, 173 (1977) ("[T]ribal sovereign immunity . . . does not impair the authority of the state court to adjudicate the rights of the individual [tribal member] defendants over whom it properly obtained personal jurisdiction."); *Fletcher v. United States*, 116 F.3d

-4-

1315, 1324 (10th Cir. 1997) (noting that tribal officials, like state and federal officials, are protected by sovereign immunity only when acting in their official capacity). Here, the Mulders as individuals entered into loan agreements regarding the two parcels of land, and their default prompted the Defendants to initiate nonjudicial foreclosure proceedings. According to the complaint, the Pembina Nation Little Shell Band of North America now owns the properties, but it is not a party to this action. The Mulders are not an Indian tribe, and therefore they cannot assert tribal sovereign immunity as a basis for injunctive relief against the Defendants.

The parties have presented three additional motions on appeal. First, the Mulders have submitted a "Motion to Vacate Void Judgments" of the district court, apparently objecting to the order that quashed their "Notice of Removal" to the "Federal Tribal Circuit Court" of the Pembina Nation Little Shell Band of North America. We note that the Bureau of Indian Affairs does not recognize this tribe or its courts. *See* Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs, 65 Fed. Reg. 13,298 (Mar. 13, 2000). Further, as the district court held, the motion was improperly filed, and no device exists under federal law for "removing" a case to tribal court after dismissal with prejudice.

Second, the Mulders have submitted an "Amended Notice to Submit for Decision," which asserts that because the Defendants failed to respond within five days to "a challenge" issued in their reply brief to produce the original promissory notes, the Defendants have no legal basis for foreclosure and automatically lose the lawsuit. In fact it is the Mulders who lack any legal basis for their "challenge," which flouts the Federal Rules of Civil Procedure.

Third, the Defendants have submitted a motion for an award of costs and attorney fees for defending a frivolous appeal. This Court is authorized to grant such motions, even against *pro se* appellants. *See Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003). Yet we typically awards costs and attorney fees only in response to serious and sustained abuses. In *Haworth*, for example, the *pro se* appellant had advance notice that the Defendants would pursue sanctions in the event of an appeal, and she had filed repeated frivolous actions and motions, both in state and federal court. *Id.* at 1191–92. Although we sympathize with the Defendants in this case, who were forced to decipher and respond to sometimes frivolous and often incomprehensible legal arguments, we do not think the Mulders' conduct amounts to a serious abuse of the appellate process. We therefore decline to award costs and attorney fees.

We **AFFIRM** the judgment of the district court dismissing the action with prejudice for lack of standing. We **DENY** the Plaintiffs' Motion to Vacate Void

-6-

Judgments.  We **DENY** both sets of Defendants' motions for an award of damages, costs and fees.

Entered for the Court

Michael W. McConnell
Circuit Judge
