718 N.W.2d 2 (2006)
2006 ND 144
STATE of North Dakota ex rel. BOARD OF UNIVERSITY AND SCHOOL LANDS, Plaintiff and Appellee
v.
Donald J. ALEXANDER and Ethel A. Alexander, Defendants and Appellants.
No. 20050409.
Supreme Court of North Dakota.
June 29, 2006.
Rehearing Denied September 13, 2006.
*3 Douglas Bruce Anderson, Assistant Attorney General, Office of Attorney General, Bismarck, N.D., for plaintiff and appellee.
Donald James Alexander (argued), pro se, and Ethel A. Alexander (on brief), pro se, Harvey, N.D., defendants and appellants.
SANDSTROM, Justice.
[¶ 1] Donald and Ethel Alexander appealed from an order denying their post-judgment motions after the district court entered a judgment evicting them from real property. We affirm, concluding the district court did not abuse its discretion in denying the Alexanders' post-judgment motions.

I
[¶ 2] In a judgment entered in October 2004, the State of North Dakota, through the Board of University and School Lands, obtained quiet title to farmland in Sheridan County through foreclosure by advertisement of a farm mortgage executed by the Alexanders. The State leased ten acres of the land to the Alexanders for use as a single-family residence, subject to termination on 30 days notice if the State sold the land. In June 2005, the State sued the Alexanders to evict them from the leased property, alleging it notified the Alexanders the land had been sold and the Alexanders had been asked to surrender the property by April 18, 2005, but they refused. The State's eviction action was scheduled for trial on June 20, 2005.
[¶ 3] In a June 16, 2005, letter to the clerk of the district court, Ethel Alexander notified the court the Alexanders would be unable to appear at the scheduled eviction trial because of a family emergency, but all of their personal belongings had been removed from the house and all that remained on the farm was property owned by Northern Trust, which, according to the Alexanders, is an "Inter vivos trust established by Donald James; Alexander as Trustor." Ethel Alexander's letter also indicated they would attempt to arrange for the removal of the Northern Trust property as soon as possible. In documents dated June 16, 2005, and filed with the court on June 17, 2005, Donald Alexander filed a "special appearance for limited purposeanswer to complaintmotion to dismiss." Those documents included a default judgment in an action by the "Pembina Nation Little Shell Band of North America" and "Donald James; Alexander" against Joyce Dockter, the Sheridan County Recorder, in which Dockter allegedly exceeded her authority by refusing to record a quitclaim deed for the land from the Alexanders to the Pembina Nation Little Shell Band of North America. Donald Alexander asked to dismiss the eviction action, claiming the issues raised in that action were "moot in light of the Default Judgment entered before the court which becomes Res judicata." Donald Alexander alternatively asked that "all parties will face contempt and held to show cause."
[¶ 4] Although this record does not include a transcript of the June 20, 2005, eviction trial, the Alexanders do not dispute they did not attend the trial. The district court entered judgment evicting *4 the Alexanders from the land. The court concluded the respective rights between the State and the Alexanders had been adjudicated in the 2004 foreclosure action, and the State was the owner of the land involved in the eviction action. The court also required the Alexanders to provide the State with information regarding the personal property claimed to belong to Northern Trust.
[¶ 5] Donald Alexander then moved for a new trial. He subsequently filed a "motion for rule to show cause" for a restraining order to allow Northern Trust to continue its removal of property from the premises. The district court denied the Alexanders' post-judgment motions. The Alexanders appealed from the denial of their post-judgment motions.
[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27-05-06 and 33-06-01. The Alexanders' appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28-27-02.

II
[¶ 7] We review a district court's denial of a motion for a new trial under the abuse-of-discretion standard. Johnson v. Nodak Mut. Ins. Co., 2005 ND 112, ¶ 18, 699 N.W.2d 45. A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law. Id.

A
[¶ 8] The Alexanders argue the district court should have granted them a continuance so they could have attended the eviction trial and the court erred in denying their request for a new trial. They argue they notified the court of a "family emergency," and they claim "it was reasonable to expect the trial to be postponed, the same courtesy extended to attorneys." The State responds the Alexanders did not ask the court for a continuance and argues Ethel Alexander's letter included language from which a reasonable person would have understood the Alexanders were conceding and not contesting the action.
[¶ 9] Under N.D.C.C. ch. 33-06, an eviction action proceeds under an expedited time period for a defendant to appear and defend. Flex Credit, Inc. v. Winkowitsch, 428 N.W.2d 236, 239-40 (N.D.1988). Here, the Alexanders did not specifically request a continuance, and on this record, we conclude the district court did not act arbitrarily, unreasonably, or unconscionably in denying their motion for a new trial on this issue.

B
[¶ 10] The Alexanders argue they filed numerous documents with the district court that could have resulted in a different outcome and the court erred in denying their motion for a new trial. They claim the district court had no jurisdiction, and they attack the judgment in the foreclosure action and the sale of the land.
[¶ 11] Although the Alexanders attempt to raise issues in this eviction action about the mortgage foreclosure judgment, the Alexanders did not appeal the judgment in the foreclosure action, and those claims are res judicata. See Farm Credit Bank v. Brakke, 483 N.W.2d 167, 170 (N.D.1992) (parties to prior foreclosure action and their assigns were bound by judgment in prior action under principles of res judicata). We conclude the district court did not abuse its discretion in denying their motion for a new trial on those claims.

*5 C
[¶ 12] The Alexanders also argue that a default judgment in the Little Shell Band Federal Tribal Circuit Court in an action by the "Pembina Nation Little Shell Band of North America" and "Donald James; Alexander" against the Sheridan County recorder, Joyce Dockter, created a lien against the real property involved in the eviction action. The Alexanders argue there are indispensable parties that were not made parties to the eviction action, including the Sunflower Properties Trust, Northern Trust, and the Pembina Nation Little Shell Band of North America. According to the Alexanders, Sunflower Properties Trust was created on April 12, 2004, under the jurisdiction of the Little Shell Pembina Nation. The Alexanders claim the Pembina Nation Little Shell Band of North America is the legal titleholder of the land and the Alexanders' bid at the sheriff's sale consisted of the $247,000 default judgment against Joyce Dockter, plus at least $30,000 in interest, which was more than the actual bid for the land. They claim Indian tribes are "domestic independent nations" that exercise inherent sovereign authority over their members and territories and are immune from actions in state and federal courts absent a clear waiver of immunity.
[¶ 13] To the extent the Alexanders make claims about the status of the Pembina Nation Little Shell Band of North America, they have not cited any persuasive authority on that issue. In Rott v. Connecticut Gen. Life Ins. Co., 2004 ND 198, ¶ 4, 688 N.W.2d 378, this Court considered an appeal in which the appellants claimed they had issued a quitclaim deed for their interest in land to the "Pembina Nation Little Shell Band of North America." This Court said the "Pembina Nation Little Shell Band of North America" had not been substituted as a party to the appeal under N.D.R.Civ.P. 43(b), and we dismissed the appeal for failure to substitute the appropriate entity as a party to this appeal. Rott, at ¶¶ 4-5. See also Cass County Joint Water Res. Dist. v. 1.43 Acres of Land, 2002 ND 83, ¶ 33, 643 N.W.2d 685 (holding condemnation of land conveyed to Indian tribe did not violate federal statute). Contrary to the Alexanders' claims, however, this Court's decision in Rott did not recognize the Pembina Nation Little Shell Band of North America as an Indian tribe. Other courts have not recognized the Pembina Nation Little Shell Band of North America as an Indian tribe. See Mulder v. Lundberg, 154 Fed. Appx. 52, 2005 WL 2844834 (10th Cir.2005) (stating Bureau of Indian Affairs does not recognize Pembina Nation Little Shell Band of North America or its courts). See also Delorme v. United States, 354 F.3d 810, 814 n. 6 (8th Cir.2004) (Little Shell Pembina Band of North America is federally unrecognized band located in North Dakota). We also note that the Bureau of Indian Affairs does not recognize the Pembina Nation Little Shell Band of North America as an entity eligible to receive services. See Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs, 70 Fed.Reg. 71,194 (Nov. 25, 2005). We reject the Alexanders' claims about the Pembina Nation Little Shell Band of North America.

III
[¶ 14] On this record, we conclude the district court did not abuse its discretion in denying the Alexanders' post-judgment motions, and we affirm the court's order.
[¶ 15] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.