2013 ND 123

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Glen Michael DELORME, Defendant and Appellant.**

No. 20120380.

Supreme Court of North Dakota.

July 18, 2013.

Travis S. Peterson (on brief), State's Attorney, New Rockford, N.D., and Charles M. Carvell (argued), Special Assistant Attorney General, Bismarck, N.D., for plaintiff and appellee.

Robert C. Fleming, Cavalier, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1]  Glen Delorme appeals a district court judgment after having conditionally pled guilty to two counts of guiding or outfitting without a license, a class A misdemeanor, in violation of N.D.C.C. § 20.1–03–40. We affirm.

I

[¶ 2]  Delorme was charged with two counts of guiding or outfitting without a license in Eddy County in violation of N.D.C.C. § 20.1–03–40 after guiding two undercover North Dakota Game and Fish Wardens to multiple hunting sites. The guiding expedition took place both on and off the Spirit Lake Indian Reservation. Delorme moved to dismiss the charges because of lack of subject matter jurisdiction, arguing the alleged crime took place on land reserved for the Pembina Band of Chippewa, where his aboriginal rights to

hunt, fish, and gather are preserved by an 1863 treaty. The State opposed Delorme's motion, arguing Delorme was charged with guiding or outfitting only on land outside the reservation and subject matter jurisdiction was not in dispute. The district court denied Delorme's motion to dismiss, concluding Delorme failed to show how his offense fell outside of the court's subject matter jurisdiction. The court noted, "When the veneer is scraped from his argument, what Mr. Delorme seeks is unequal protection of the law based on his race, something inimical to North Dakota law."

[¶ 3] The State moved before trial to exclude all evidence related to any affirmative defenses, including entrapment, and to also exclude arguments related to subject matter jurisdiction. The State, arguing in favor of its motion, stated:

> [I]t is undisputed that the alleged offenses took place in Eddy County, ND. The Court previously addressed and ruled on this issue. Any reference by Defendant to the issue of subject matter jurisdiction serves no purpose and will only distract the jury and introduce factual issues not relevant to the charged offenses.

[¶ 4] The district court granted the State's motion, excluding any evidence concerning subject matter jurisdiction or any reference to the land on which the crimes took place as being part of an Indian reservation. Delorme then entered a conditional guilty plea, preserving his right to appeal the district court's decisions on the two motions. Delorme was sentenced to pay $1,390 in fines and court fees and costs and was placed on unsupervised probation.

[¶ 5] On appeal, Delorme argues the district court erred when it denied his motion to dismiss for lack of subject matter jurisdiction, because his aboriginal usufructuary [1] rights are guaranteed and preserved by the 1863 Treaty of Old Crossing. Delorme also argues the district court erred by granting the State's motion to exclude all evidence referring to the land on which the guiding and fishing took place as being a part of an Indian reservation.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Delorme's appeal is timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

### A

[¶ 7] Delorme first argues the district court erred when it denied his motion to dismiss for lack of subject matter jurisdiction, arguing a majority of the land on which he was guiding or outfitting was located on an Indian reservation where he was licensed as a guide. He argues he maintains aboriginal hunting rights granted to him by an 1863 Treaty between the Red Lake and Pembina Bands of Indians and the United States. He also argues he holds the right to guide and outfit under a license issued by the Spirit Lake Tribe to his mother.

[¶ 8] We noted, in *Kelly v. Kelly*, " 'It is well settled under North Dakota law that challenges to a district court's subject matter jurisdiction are reviewed de novo when the jurisdictional facts are not in dispute.' " 2011 ND 167, ¶ 12, 806 N.W.2d 133 (quoting *Schirado v. Foote*,

---

1. The legal right of using and enjoying the fruits or profits of something belonging to another. *Merriam–Webster's Collegiate Dictionary* 1379 (11th ed.2005).

2010 ND 136, ¶ 7, 785 N.W.2d 235). In addition,

> Under the infringement test as set forth by the United States Supreme Court in *Williams v. Lee*, 358 U.S. 217, 223 [79 S.Ct. 269, 3 L.Ed.2d 251] (1959), state court jurisdiction over certain claims is not allowed if it would "undermine the authority of the tribal courts over Reservation affairs and hence would infringe on the right of the Indians to govern themselves."

*Rolette County Social Service Bd. v. B.E.*, 2005 ND 101, ¶ 6, 697 N.W.2d 333.

[¶ 9] In *Luger v. Luger*, we held the state court did not lack subject matter jurisdiction in a civil dispute between two enrolled members of one tribe on a reservation of another tribe where they were not enrolled. 2009 ND 84, ¶ 11, 765 N.W.2d 523.

> A state court will not have jurisdiction over a claim when it undermines tribal authority. A state court has subject matter jurisdiction over an action if the constitution and the laws authorize that court to hear the type of cases to which the particular action belongs. Subject matter jurisdiction for North Dakota district courts is established in N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06.

*Luger*, at ¶ 8 (internal citations and quotations omitted). These holdings, however, consider this Court's jurisdiction on activities taking place on an Indian reservation. While Delorme contends *most* of the guiding activity took place on the reservation, we must consider our jurisdiction over those guiding activities that did not.

> "Absent express federal law to the contrary, Indians going beyond reservation boundaries have generally been held subject to nondiscriminatory state law otherwise applicable to all citizens of the State."

*Roe v. Doe*, 2002 ND 136, ¶ 28, 649 N.W.2d 566 (quoting *Mescalero Apache Tribe v. Jones*, 411 U.S. 145, 148–49, 93 S.Ct. 1267, 36 L.Ed.2d 114 (1973)).

1

[¶ 10] Delorme contends the land he was charged on was located in Indian country where The Little Shell Pembina Band, a non-federally-recognized tribe, *see* 77 Fed.Reg. 47,868–47,873 (Aug. 10, 2012); *State ex rel. Bd. of University and School Lands v. Alexander*, 2006 ND 144, ¶ 13, 718 N.W.2d 2, of which he claims to be a member, retained the right to hunt and fish through an 1863 Treaty. He asserts that under the 1863 Treaty at Old Crossing, the Little Shell Pembina Band, of which he claims to be a part, retained claim on millions of acres of land and retained all current aboriginal rights to all their land, including hunting.

[¶ 11] The 1863 treaty, however, does *not* create or recognize hunting rights on the land on which the violations occurred. It makes no reference to preserved hunting rights. The treaty, however, does say:

> The said Red Lake and Pembina bands of Chippewa Indians do hereby cede, sell, and convey to the United States all their right, title, and interest in and to all the lands now owned and claimed by them in the State of Minnesota and in the Territory of Dakota....

Treaty with the Chippewa—Red Lake and Pembina Bands, 1863 art. 2, Oct. 2, 1863, 13 Stat. 667. No other article in the treaty reserves hunting or outfitting rights. *See id.* In *United States v. Minnesota*, the United States District Court for the District of Minnesota, in deciding whether the 1863 treaty Delorme relies on preserved the rights of the Red Lake Band of Minnesota Chippewa Indians—rights Delorme also claims to have, concluded the "Red

Lake Band does not retain hunting, fishing, trapping, or wild ricing rights in the areas ceded...." 466 F.Supp. 1382, 1388 (D.Minn.1979), *affirmed,* 614 F.2d 1161 (8th Cir.1980).

[¶ 12] A map introduced by the State shows that the area of land the 1863 treaty describes does not include the part of Eddy County where the charged violations took place. The map shows that the area of land on which Delorme was charged was outside the boundary of the ceded lands. As the State accurately argues, "even if the 1863 treaty negotiations could be interpreted as having reserved hunting rights, they could only have been reserved in the land under discussion in 1863, and Mr. Delorme's activities didn't occur on that land." Delorme was charged with guiding or outfitting without a license on land that is outside the reservation. We do not consider the activities that Delorme argues took place on the reservation, but only those that took place off the reservation, where he was cited by North Dakota Game and Fish Department Wardens. *See Roe,* 2002 ND 136, ¶ 8, 649 N.W.2d 566 ("outside of Indian country, the state has general criminal jurisdiction over all persons, including Indians") (quotation omitted).

### 2

■ [¶ 13] Delorme also argues he holds the right to guide and outfit under a license issued to his mother by the Spirit Lake Tribe. The State contends, however, Delorme can assert no such right under a license from his mother and the Spirit Lake Tribe because he is not a member of the Spirit Lake Tribe. Delorme is an enrolled member of the Turtle Mountain Indian Reservation. Delorme testified at the hearing he is *not* an enrolled member of the Spirit Lake Tribe.

■ [¶ 14] Relying on *Montana v. United States,* 450 U.S. 544, 564, 565, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981), the

State argues a tribe's inherent sovereign powers off the reservation "do not extend to the activities of nonmembers" and the "exercise of tribal power beyond what is necessary to protect tribal self-government or to control internal relations is inconsistent with the dependent status of the tribes, and so cannot survive without express congressional delegation." Beyond reservation boundaries, Indians are generally subject to state law that applies to all citizens of the state. *See Roe,* 2002 ND 136, ¶ 28, 649 N.W.2d 566.

[¶ 15] Delorme is not a member of the Spirit Lake Tribe, nor does he provide the court with any argument as to how the Spirit Lake Tribe's "licensing him," a non-enrolled member, to guide or outfit under a licence to hunt granted to his mother, who is an enrolled member of the tribe, is necessary to protect tribal self-government or control internal relations, particularly when the charged activities were off the reservation. We conclude the district court did not err in denying his motion.

[¶ 16] We conclude the district court had subject matter jurisdiction and did not err in denying his motion.

### B

■ [¶ 17] Delorme next argues the district court erred when it granted the State's motion concerning reference to any land in Eddy County where the alleged offenses occurred as being part of an Indian reservation or Indian country. A pre-trial motion "in limine" is a procedural tool to ensure that unfairly prejudicial evidentiary matters are not discussed in the presence of the jury. *State v. Schmidt,* 2012 ND 120, ¶ 20, 817 N.W.2d 332. In *Schmidt,* we said:

We review a district court's denial of a motion in limine under an abuse of discretion standard. The district court

abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. The party seeking relief must show more than the district court made a poor decision, but that it positively abused the discretion it has under the rule. We will not overturn the district court's decision merely because it is not the decision we may have made if we were deciding the motion.

*Id.* (internal citations and quotations omitted).

[¶ 18] Delorme argues the district court abused its discretion by excluding all jurisdictional evidence that the locations where the guiding and outfitting took place in Eddy County lie within the Indian reservation. He contends, "It would be more than necessary to provide proof that the land in Eddy County where the Appellant was cited for guiding and outfitting without a license was in fact located on Spirit Lake Indian Reservation. It is disputed that the only areas that the guiding actually took place were located on Spirit Lake Indian Reservation." Delorme argues the Indian reservation and the state have conflicting regulations that govern hunting and fishing within the state. In support he cites N.D.C.C. § 20.1–03–03.1, which states, "An individual hunting on Indian land pursuant to a tribal hunting license is not required to possess a state license to hunt on such land."

[¶ 19] Delorme, however, was cited for and pled guilty to guiding or outfitting without a license in violation of N.D.C.C. § 20.1–03–40, for which there is no statutory exception in the Century Code for guiding or outfitting on Indian land. *See* N.D.C.C. ch. 20.1–03. Delorme offers little in support of his argument that "[i]t is disputed that the only areas that the guiding actually took place were located on Spirit Lake Indian Reservation" other than his testimony stating his activities were on the reservation a majority of the time. Nor does he provide evidence refuting the State's map showing that the location where he was charged was off the reservation. Delorme's argument is not persuasive and does not show the district court acted "in an arbitrary, unreasonable, or unconscionable manner." *Schmidt,* 2012 ND 120, ¶ 20, 817 N.W.2d 332. We conclude the district court did not abuse its discretion in granting the State's motion to exclude all evidence relating to subject matter jurisdiction.

### III

[¶ 20] We affirm the judgment.

[¶ 21] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.