2017 ND 158

**SPIRIT PROPERTY MANAGEMENT,
Plaintiff and Appellee**

v.

**Luetta VONDELL, Barbara Vondell
and all others unnamed in possession
of any portion of the property, Defendants**

**Barbara Vondell, Appellant**

No. 20160247

Supreme Court of North Dakota.

Filed 6/29/2017

Ryan C. McCamy (argued) and Thaddeus E. Swanson (appeared), Minot, ND, for plaintiff and appellee.

Breezy A. Schmidt, Legal Services of ND, Minot, ND, for appellant.

Crothers, Justice.

[¶ 1] Barbara Vondell appeals from a judgment entered for Spirit Property Management, evicting her from possession of real property and awarding a money judgment against her. We conclude the district court had both subject matter jurisdiction over the eviction and personal jurisdiction over Vondell. We affirm.

I

[¶ 2] For over twenty-five years Luetta Vondell owned a mobile home on a rented lot in Williams County. Sometime after Luetta Vondell was diagnosed with dementia her daughter Barbara Vondell moved in with her, becoming her full-time care giver and agent under a durable power of attorney. In July 2014 Barbara Vondell and Luetta Vondell, through Barbara Vondell under the power of attorney, signed a one-year lease for the mobile home lot. The lease commenced on July 1, 2014, continuing on a month-to-month basis after the lease term. Luetta Vondell died in September 2015.

[¶ 3] In March 2016 Spirit Property commenced this action for eviction and possession of real property for nonpay-

ment of rent. Vondell answered the suit, denying Spirit Property's claims and asserting various defenses. At a May 2016 eviction hearing the district court found Barbara Vondell moved out of the home in November 2015. The mobile home continued occupying Spirit Property's lot. The court found that while lot rent was partially paid for September 2015, no rent was paid in October and November 2015. The court entered an order and judgment against Vondell granting Spirit Property possession of the property and awarding $2,440 for unpaid rent and costs.

## II

[¶ 4] Eviction actions under N.D.C.C. ch. 47–32 are designed as summary proceedings. *Gasic v. Bosworth*, 2014 ND 85, ¶ 7, 845 N.W.2d 306. We have explained this expedited procedure:

> "Section 47–32–02, N.D.C.C., provides for an expedited procedure, with the defendant allowed between three and fifteen days to appear and defend in the action. If the court finds for the plaintiff, the court must enter judgment granting immediate restitution of the premises to the plaintiff, but the court may delay execution in case of hardship for a reasonable period not exceeding five days. N.D.C.C. § 47–32–04. The statute strictly limits the parties' ability to combine the eviction with other claims and precludes the defendant from interposing a counterclaim, except as a setoff to the plaintiff's claim for damages, rent, or profits. N.D.C.C. § 47–32–04. The proceeding is limited to a speedy determination of the right to possession of the property, without bringing in extraneous matters. The purpose of the statute is to provide an inexpensive, expeditious, and simple means to determine possession."

*Cheetah Props. 1, LLC v. Panther Pressure Testers, Inc.*, 2016 ND 102, ¶ 20, 879 N.W.2d 423 (quoting *Gasic*, at ¶ 7). While "the defendant may show the character of the possessory rights claimed by the parties[,] . . . the right to the possession of the real estate is the only fact that can be rightfully litigated unless damages or rent is claimed." *Gasic*, at ¶ 8 (quoting *Anderson v. Heinze*, 2002 ND 60, ¶ 11, 643 N.W.2d 24). Therefore, "a party seeking damages in a summary eviction proceeding under N.D.C.C. § 47–32–01(4) is limited to those specified under N.D.C.C. § 47–32–04." *Cheetah Props.*, at ¶ 20. "Specifically, a party may seek damages resulting from 'rents and profits accrued or for damages arising by reason of the defendant's possession.'" *Id.* (quoting N.D.C.C. § 47–32–04).

## III

[¶ 5] Vondell challenges the district court's subject matter jurisdiction of the eviction action and personal jurisdiction over her. The court must have both subject matter and personal jurisdiction to enter a valid order or judgment. *State v. Winegar*, 2017 ND 106, ¶ 6, 893 N.W.2d 741 (citing *Albrecht v. Metro Area Ambulance*, 1998 ND 132, ¶ 10, 580 N.W.2d 583).

### A

[¶ 6] Vondell argues the district court erred in deciding it had subject matter jurisdiction of the eviction action under N.D.C.C. ch. 47–32 when the court found Vondell terminated the lease and vacated the property in November 2015.

[¶ 7] "Subject-matter jurisdiction is the court's power to hear and determine the general subject involved in the action, while personal jurisdiction is the court's power over a party." *Albrecht*, 1998 ND 132, ¶ 10, 580 N.W.2d 583. Subject matter jurisdiction cannot be waived and may be raised at any time. *Garaas v. Cass Cty. Joint Water Res. Dist.*, 2016 ND 148, ¶ 4,

883 N.W.2d 436. "For subject-matter jurisdiction to attach, 'the particular issue to be determined must be properly brought before the court in the particular proceeding.'" *Albrecht*, at ¶ 11 (quoting *Reliable, Inc. v. Stutsman Cty. Comm'n*, 409 N.W.2d 632, 634 (N.D. 1987)). Put another way, "[a] court has subject matter jurisdiction over an action if the constitution and the laws authorize that court to hear the type of cases to which the particular action belongs." *Larson v. Dunn*, 474 N.W.2d 34, 38 (N.D. 1991). "When jurisdictional facts are not disputed, the issue of subject matter jurisdiction is a question of law, which we review de novo." *Garaas*, at ¶ 6 (quoting *In re Estate of Vaage*, 2016 ND 32, ¶ 14, 875 N.W.2d 527). "[J]urisdiction of the court does not depend upon whether its decision is right or wrong, correct or incorrect." *Mills v. City of Grand Forks*, 2012 ND 56, ¶ 10, 813 N.W.2d 574 (quoting *Matter of Edinger's Estate*, 136 N.W.2d 114, 120 (N.D. 1965)).

[¶ 8] Vondell argues N.D.C.C. ch. 47–32 did not authorize Spirit Property to commence an eviction against Vondell when it knew she had not been in possession of the property since November 2015. She argues a defendant must be in possession of property for the district court to have subject matter jurisdiction over an eviction action. She contends the court did not have subject matter jurisdiction in this case because the parties do not dispute the court's finding she was not in possession of the property at the time the action was commenced. We disagree.

[¶ 9] Under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06 and 47–32–01, a district court has jurisdiction over eviction actions. *See State ex rel. Bd. of Univ. & School Lands v. Alexander*, 2006 ND 144, ¶ 6, 718 N.W.2d 2. Under N.D.C.C. § 47–32–01(4), an eviction action to recover possession of real property may be maintained in the proper district court when a "lessee, in person or by subtenant, holds over after the termination of the lease or expiration of the lessee's term, or fails to pay rent for three days after the rent is due."

[¶ 10] Here, regardless of whether the district court's decision was "right or wrong, correct or incorrect," *see Mills*, 2012 ND 56, ¶ 10, 813 N.W.2d 574, Spirit Property brought this eviction action under N.D.C.C. ch. 47–32, seeking to recover possession of real property in Williams County and to recover unpaid rent and costs under the lease. Under our constitution and relevant statutes, the district court was authorized to hear this eviction action. *See Larson*, 474 N.W.2d at 38. The district court had subject matter jurisdiction.

B

[¶ 11] Vondell argues the district court erred in concluding N.D.C.C. ch. 47–32 provided personal jurisdiction over her.

[¶ 12] Section 47–32–02, N.D.C.C., provides the procedures for service of the summons and a notice of intention to evict:

"In any action for eviction the time specified in the summons for the appearance of the defendant may not be fewer than three nor more than fifteen days from the date on which the summons is issued. If the person cannot be found in the county, of which the return of the sheriff or process server is prima facie proof, and service has been attempted at least once between the hours of six p.m. and ten p.m. upon the filing of an affidavit of the plaintiff or the plaintiff's attorney stating that the defendant cannot be found or on belief that the defendant is not in this state and a copy of the summons has been mailed to the defendant at the defendant's last-known address if any is

known to the plaintiff, service of the summons may be made upon the defendant by the sheriff or process server posting the summons upon the door of the residential unit. In all cases arising under subsections 4, 5, 6, and 8 of section 47–32–01, three days' written notice of intention to evict must be given to the lessee, subtenant, or party in possession, before proceedings can be instituted. The notice may be served and returned as a summons is served and returned or, if the party cannot be found, then by the sheriff of the county or a process server posting the notice conspicuously upon the premises. Service by delivery of a copy of the summons to the defendant in person within the county must be made at least three days before the time fixed for the appearance of the defendant. Service elsewhere or personal service in any other mode must be made at least seven days before the time fixed for the appearance of the defendant."

[¶ 13] Under this section, "a landlord may have the notice of intention to evict served in the same manner as a summons is served, or, alternatively, by having the sheriff of the county or a process server post the notice conspicuously upon the premises if the tenant cannot be found." *Nelson v. Johnson*, 2010 ND 23, ¶ 17, 778 N.W.2d 773. This section's plain language "specifies an alternative method for service of a notice of intention to evict within the meaning of N.D.R.Civ.P. 4(m) and N.D.R.Civ.P. 81(a), which is different from the requirements of N.D.R.Civ.P. 4 and which is consistent with the expedited nature of the statutory procedure for eviction actions." *Id.*

[¶ 14] We also said this section "clearly requires some degree of diligence in ascertaining 'if the party cannot be found,'" providing "for service of the summons by posting it upon the door of a residential unit and by mailing it to the defendant's last known address if the person cannot be found in the county." *Nelson*, 2010 ND 23, ¶ 20, 778 N.W.2d 773. We concluded "the language requires that if service of the notice of intention to evict has been attempted at the premises at least once and the tenant cannot be found, service of the notice can be by posting conspicuously upon the premises." *Id.* at ¶ 21.

[¶ 15] Vondell argues that although the district court decided it had personal jurisdiction over Vondell because Spirit Property posted the three-day notice and posted and mailed the summons to her last-known address, the court erred because it also found Vondell terminated the lease agreement and vacated the property in November 2015. She asserts Spirit Property's service by "nail and mail" to the address under N.D.C.C. ch. 47–32 was a "mere gesture" and not "reasonably calculated" to inform her of the eviction action when Spirit Property knew she vacated the property and it did not take additional steps to inform her of the action.

[¶ 16] "Analysis of a [district] court's ruling regarding personal jurisdiction is a question of law, and we use the de novo standard of review for legal conclusions and a clearly erroneous standard for factual findings." *Bolinske v. Herd*, 2004 ND 217, ¶ 7, 689 N.W.2d 397. A finding of fact is clearly erroneous if it is not supported by any evidence, if, although some evidence supports the finding, a reviewing court is left with a definite and firm conviction a mistake has been made, or if the finding is induced by an erroneous conception of the law. *Id.*

[¶ 17] Here, the district court found Spirit Property complied with the service requirements of N.D.C.C. § 47–32–02. Spirit Property's affidavit establishes that Vondell could not be located, that the pro-

cess server was instructed to attempt personal service between six and ten p.m., and failing personal service then to post the documents on the door of the property. The affidavit also states copies of the summons, complaint and notice of hearing were mailed to Vondell at the address of the mobile home. A process server's affidavits of personal service were filed with the court. These affidavits indicate service had been attempted during the appropriate hours, the defendants could not be found and copies of the documents were posted to the door of the residence.

[¶ 18] On this record we conclude the district court did not err in finding Spirit Property had complied with N.D.C.C. § 47-32-02. We conclude the court had personal jurisdiction over Vondell.

### IV

[¶ 19] We have considered Vondell's remaining arguments and conclude they are either unnecessary to our decision or without merit. The judgment is affirmed.

[¶ 20] Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Jerod E. Tufte

Gerald W. VandeWalle, C.J.