# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 100

Ted J. Boutrous, L.L.C. and The Boutrous
Group, LLP,                                                          Plaintiffs and Appellees

v.

Transform Operating Stores, LLC d/b/a
Transformco Operating Stores LLC; Transform
SR Brands LLC d/b/a Transformco d/b/a Kmart;
and Transform KM LLC,                                      Defendants and Appellants

## No. 20210115

Appeal from the District Court of Burleigh County, South Central Judicial
District, the Honorable Bobbi B. Weiler, Judge.

DISMISSED.

Opinion of the Court by McEvers, Justice, in which Chief Justice Jensen,
Justice VandeWalle, Crothers, and Tufte joined. Chief Justice Jensen filed an
opinion concurring specially.

Bradley N. Wiederholt (argued) and Randall J. Bakke (on brief), Bismarck,
ND, for plaintiffs and appellees.

Ryan C. McCamy, Fargo, ND, for defendants and appellants.

**McEvers, Justice.**

[¶1]   Ted J. Boutrous, L.L.C. and The Boutrous Group, LLP ("Plaintiffs") move to dismiss the appeal brought by Transform Operating Stores, LLC d/b/a Transformco Operating Stores LLC; Transform SR Brands LLC d/b/a Transformco d/b/a Kmart; and Transform KM LLC ("Defendants"). The Plaintiffs argue the Defendants did not appeal from a final judgment or order. We dismiss the appeal.

I

[¶2]   The Plaintiffs commenced this summary eviction action to evict the Defendants from the Bismarck Kmart building and parking lot, and to recover damages. The district court notified the parties that it would only be addressing the right of possession at the eviction hearing, not damages. The Defendants moved to dismiss for lack of subject matter jurisdiction. The court ordered the eviction hearing to go forward and reiterated that the matter of damages would be scheduled at a later date.

[¶3]   After the eviction hearing, the district court concluded the Plaintiffs are entitled to possession of the property, ordered the Defendants to vacate, and reserved the issue of damages "until a full hearing is held." The court entered judgment in accordance with its order. The Defendants moved for reconsideration, which was denied by the court. The court entered an amended judgment, modifying the date of surrender. The Defendants appealed.

II

[¶4]   The Plaintiffs move under N.D.R.App.P. 27 to dismiss the appeal, asserting the Defendants did not appeal from a final judgment or order. "The right to appeal is governed by statute and, absent a statutory basis for the appeal, we must dismiss the appeal." *Presswood v. Runyan*, 2020 ND 8, ¶ 6, 937 N.W.2d 279. Section 28-27-01, N.D.C.C., provides, "A judgment or order in a civil action or in a special proceeding in any of the district courts may be

removed to the supreme court by appeal as provided in this chapter." "Only judgments and decrees which constitute a final judgment of the rights of the parties and certain orders enumerated by statute are appealable." *Gasic v. Bosworth*, 2014 ND 85, ¶ 4, 845 N.W.2d 306. Under N.D.R.Civ.P. 54(b), a judgment, to be final, must dispose of all claims or the court must direct entry of a final partial judgment:

> If an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim, or third-party claim, or if multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

N.D.R.Civ.P. 54(b); *see also Gasic*, at ¶ 5.

[¶5]  Section 47-32-04, N.D.C.C., provides in part:

> An action of eviction cannot be brought in a district court in connection with any other action, except for rents and profits accrued or for damages arising by reason of the defendant's possession. No counterclaim can be interposed in such action, except as a setoff to a demand made for damages or for rents and profits. If the court finds for the plaintiff in the action, the court shall enter judgment that the plaintiff have immediate restitution of the premises.

In *Gasic*, we held that based on the district court's failure to address the counterclaim in its order of eviction and reference to a future hearing in its stay of eviction, the court did not intend the order of eviction to be a final order or judgment, and we dismissed the appeal. 2014 ND 85, ¶¶ 12-13.

[¶6]  The Plaintiffs brought an action of eviction under N.D.C.C. ch. 47-32 and sought damages. The district court ruled on the eviction claim, but failed to

rule on damages. Thus, the court adjudicated fewer than all of the claims. The Defendants did not seek Rule 54(b) certification from the court. *See Greer v. Global Indus., Inc.*, 2018 ND 206, ¶ 10, 917 N.W.2d 1 (stating that "[w]e will not consider an appeal in a multi-claim or multi-party case which disposes of fewer than all claims against all parties unless the [district] court has first independently assessed the case and determined that a Rule 54(b) certification is appropriate"). A judgment or order of eviction is not final unless all of the claims brought pursuant to N.D.C.C. ch. 47-32 are adjudicated, or the district court certifies the judgment as final under N.D.R.Civ.P. 54(b). We caution that N.D.R.Civ.P. 54(b) certification should not be routinely granted and is reserved for cases involving unusual circumstances where failure to allow an immediate appeal would create a demonstrated prejudice or hardship, after first weighing the competing equities involved and taking into account judicial administrative interests. *See Capps v. Weflen*, 2013 ND 16, ¶ 7, 826 N.W.2d 605. Accordingly, we conclude that none of the orders or judgments appealed from are final, and we dismiss the appeal.

## III

[¶7]   The appeal is dismissed.

[¶8]   Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte

3

**Jensen, Chief Justice, concurring specially.**

[¶9]   I agree with, and have joined, the majority opinion. I write separately to note my concern regarding the procedure adopted by the district court, bifurcating the eviction proceedings from the determination of damages. Unanswered by this case is whether bifurcation is permissible and, if permissible, whether the two separate proceedings must be held within the time period established by N.D.C.C. § 47-32-02.

[¶10] The majority opinion noted the following regarding the proceedings in the district court:

> The district court notified the parties that it would only be addressing the right of possession at the eviction hearing, not damages. The Defendants moved to dismiss for lack of subject matter jurisdiction. The court ordered the eviction hearing to go forward and reiterated that the matter of damages would be scheduled at a later date.

Majority opinion, ¶ 2. It is unclear from the record how long the resolution of the claim for damages was delayed.

[¶11] The time for the hearing in summary eviction proceedings is set by N.D.C.C. § 47-32-02 which provides, in part, as follows:

> In any action for eviction the time specified in the summons for the appearance of the defendant may not be fewer than three nor more than fifteen days from the date on which the summons is issued.

Additionally, if the district court determines eviction is an appropriate remedy, "the court shall enter judgment that the plaintiff have immediate restitution of the premises." N.D.C.C. § 47-32-04.

[¶12] The questions that were not raised by the parties in this action were whether the district court can bifurcate the eviction proceedings from the claim for damages, and if bifurcation is permissible, whether the entire action must be concluded within the time period set by N.D.C.C. § 47-32-02. My concern is that our law provides that "[i]f the court finds for the plaintiff in the action, the

4

court shall enter judgment that the plaintiff have immediate restitution of the premises." N.D.C.C. § 47-32-04. The holding in this case provides that in bifurcated proceedings the initial judgment allowing immediate restitution of the premises is not appealable. While the district court has discretion to stay the restitution of the premises, a stay is statutorily limited to five days. N.D.C.C. § 47-32-04. As such, substantial delay in the resolution of the damage claim has the potential to also delay an appeal of the initial eviction determination, despite the fact that restitution of the premises has already been reduced to a "judgment" with a statutorily limited period the judgment can be stayed.

[¶13] The majority opinion properly does not address issues not raised by the parties. This separate is not intended to express how those unraised issues should be resolved, but is intended to note the potential issues associated with the bifurcation of summary eviction proceedings.

[¶14] Jon J. Jensen, C.J.