# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 35

Ted J. Boutrous, L.L.C. and The Boutrous
Group, LLP,                                                   Plaintiffs and Appellees

v.

Transform Operating Stores, LLC d/b/a
Transformco Operating Stores LLC; Transform
SR Brands LLC d/b/a Transformco d/b/a Kmart;
and Transform KM LLC,                              Defendants and Appellants

## No. 20220090

Appeal from the District Court of Burleigh County, South Central Judicial
District, the Honorable Bobbi Brown Weiler, Judge.

AFFIRMED.

Per Curiam.

Tory L. Jackson, Bismarck, ND, for plaintiffs and appellees.

Ryan C. McCamy, Fargo, ND, for defendants and appellants.

**Per Curiam.**

[¶1]   Transform Operating Stores, LLC d/b/a Transformco Operating Stores LLC; Transform SR Brands LLC d/b/a Transformco d/b/a Kmart; and Transform KM LLC (collectively, "Transform") appeal after the district court entered an order awarding damages to Ted J. Boutrous, L.L.C. and The Boutrous Group, LLP and entered a [second] amended judgment of eviction. We conclude the court did not err finding a material breach of the lease and in exercising jurisdiction as a summary eviction. While the court abused its discretion in bifurcating the eviction action, that error was harmless. We further conclude Transform failed to timely appeal the court's contempt order for the untimely turnover of the property. We affirm.

I

[¶2]   This action was before the Court in *Ted J. Boutrous, L.L.C. v. Transform Operating Stores*, LLC, 2021 ND 100, 960 N.W.2d 801 ("*Boutrous I*"). Ted J. Boutrous, L.L.C. and The Boutrous Group, LLP (collectively, "Boutrous") are companies whose principals inherited parcels of real estate from their fathers. Boutrous owns the property at issue located in Bismarck.

[¶3]   In 1969 Boutrous' predecessors-in-interest, Theodore J. Boutrous and Floyd N. Boutrous, entered into a Ground Lease with Paul O. Moore, as lessee, which contemplated Moore would construct a "shopping center" on the property and sublease it to S.S. Kresge ("Kmart"). In 1970 Moore and Kmart entered into a commercial lease ("Kmart Lease") by which Moore leased to Kmart the property and the building to be constructed by Moore. Kmart Corporation subsequently operated a Kmart store on the property for about 50 years.

[¶4]   In 2018 Transform purchased out of bankruptcy the assets of Sears Holding Corporation and its debtor affiliates, including Kmart Corporation, and hold a national real estate portfolio made up of sites on which Sears and Kmart stores were operated. Boutrous was the landlord under the Kmart

Lease, and one of the Transform entities, Transform Operating Stores LLC, became the tenant sometime in 2018 or 2019, as part of the Kmart Corporation bankruptcy case. The Ground Lease terminated years ago, and Boutrous became the direct landlord to Kmart Corporation and then to Transform. Transform permanently closed the Kmart store in February 2020.

[¶5]   In February 2021, Boutrous commenced this action under N.D.C.C. ch. 47-32 for summary eviction and damages against Transform. *Boutrous I*, 2021 ND 100, ¶ 2. The district court notified the parties it would only address the right of possession at the eviction hearing, bifurcating the claims and reserving damages for a later hearing. Transform moved to dismiss for lack of subject matter jurisdiction. The court denied the motion and ordered the eviction hearing to go forward, reiterating a hearing on damages would be scheduled later. *Id.*

[¶6]   After a February 19, 2021 eviction hearing, the district court found Boutrous was entitled to possession of the property, ordered Transform to vacate, and reserved damages for a later hearing. A judgment of eviction was entered. Transform moved for reconsideration, which the court denied. An amended judgment of eviction was entered modifying the date of surrender, and Transform appealed. The appeal was dismissed because the orders and "judgments" appealed from were not final. *Boutrous I*, 2021 ND 100, ¶¶ 1, 6.

[¶7]   On May 26, 2021, the district court entered an order on motions to stay eviction, for writ of execution, and for order to show cause. In its order the court denied Transform's motion for a stay, granted Boutrous' motion for a writ of execution, and granted Boutrous' motion for an order to show cause, finding Transform in contempt for intentionally defying the amended judgment of eviction by failing to turn over the property. The contempt order imposed remedial sanctions of $100 a day for every day Transform refused to turn over possession of the property, starting April 14, 2021. On November 8, 2021, the district court held a hearing on Boutrous' claimed damages. In January 2022, the court awarded damages and entered a [second] amended judgment for eviction.

[¶8] On March 18, 2022, Transform appealed from the initial judgment of eviction entered on March 23, 2021, and the amended judgment of eviction entered on April 13, 2021, among other orders. While its notice of appeal does not appeal from the [second] amended judgment of eviction entered on January 18, 2022, Transform appeals from the order for damages entered on January 13, 2022, which was incorporated into the second amended judgment, and the notice of entry of amended judgment. The appeal from the order for damages is treated as an appeal from the subsequent, consistent second amended judgment of eviction, which included the damages awarded. *Cf. Sadek v. Weber*, 2020 ND 194, ¶ 10, 948 N.W.2d 820 ("[A]n attempted appeal from the order granting summary judgment will . . . be treated as an appeal from a subsequently entered consistent judgment, if one exists.").

[¶9] On March 18, 2022, Transform also appealed from the district court's order on motions to stay eviction, for writ of execution, and for order to show cause entered on May 26, 2021. This order found Transform in contempt and awarded remedial sanctions of $100 a day from April 14, 2021, until they returned possession of the property to Boutrous. As discussed below, Transform's appeal of the court's contempt order is untimely.

II

[¶10] This Court's standard of review for a bench trial is well established:

> "In an appeal from a bench trial, the district court's findings of fact are reviewed under the clearly erroneous standard of review, and its conclusions of law are fully reviewable. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, this Court is convinced a mistake has been made. In a bench trial, the district court is the determiner of credibility issues and we will not second-guess the district court on its credibility determinations. Findings of the trial court are presumptively correct."

*Gimbel v. Magrum*, 2020 ND 181, ¶ 5, 947 N.W.2d 891 (cleaned up).

3

[¶11] "[W]hether a lease has been fully complied with should . . . be treated as a finding of fact because the rules of construction relating to contracts generally apply to the construction of leases." *VND, LLC v. Leevers Foods, Inc.*, 2003 ND 198, ¶ 31, 672 N.W.2d 445 (quoting *Kolling v. Goodyear Tire & Rubber Co.*, 272 N.W.2d 54, 60 (N.D. 1978)). "Whether a contract should be canceled for breach depends upon the facts of each case." *VND*, at ¶ 32 (quoting *Sandberg v. Smith*, 234 N.W.2d 917, 919 (N.D. 1975)). Statutory interpretation and lease interpretation present questions of law, fully reviewable on appeal. *Zundel v. Zundel*, 2017 ND 217, ¶¶ 11-12, 901 N.W.2d 731.

### III

[¶12] Transform argues the district court erred in exercising jurisdiction as a summary eviction, in bifurcating the eviction action, and in finding a material breach of the written lease agreement.

[¶13] Under N.D.C.C. § 47-32-01(8), an eviction action may be brought to recover the possession of real estate if a "lessee violates a material term of the written lease agreement between the lessor and lessee." Eviction actions under N.D.C.C. ch. 47-32 are designed to be summary proceedings. *Spirit Prop. Mgmt. v. Vondell*, 2017 ND 158, ¶ 4, 897 N.W.2d 334; *Gasic v. Bosworth*, 2014 ND 85, ¶ 7, 845 N.W.2d 306. This Court has explained this procedure:

> "Section 47-32-02, N.D.C.C., provides for an expedited procedure, with the defendant allowed between three and fifteen days to appear and defend in the action. If the court finds for the plaintiff, the court must enter judgment granting immediate restitution of the premises to the plaintiff, but the court may delay execution in case of hardship for a reasonable period not exceeding five days. N.D.C.C. § 47-32-04. The statute strictly limits the parties' ability to combine the eviction with other claims and precludes the defendant from interposing a counterclaim, except as a setoff to the plaintiff's claim for damages, rent, or profits. N.D.C.C. § 47-32-04. The proceeding is limited to a speedy determination of the right to possession of the property, without bringing in extraneous matters. The purpose of the statute is to provide an inexpensive, expeditious, and simple means to determine possession."

4

*Cheetah Props. 1, LLC v. Panther Pressure Testers, Inc.*, 2016 ND 102, ¶ 20, 879 N.W.2d 423 (quoting *Gasic*, at ¶ 7). "[T]he defendant may show the character of the possessory rights claimed by the parties[,] . . . [but] the right to the possession of the real estate is the only fact that can be rightfully litigated unless damages or rent is claimed." *Gasic*, at ¶ 8 (quoting *Anderson v. Heinze*, 2002 ND 60, ¶ 11, 643 N.W.2d 24). A party seeking damages in a summary eviction is "limited to those specified under N.D.C.C. § 47-32-04." *Cheetah Props.*, at ¶ 20. "Specifically, a party may seek damages resulting from 'rents and profits accrued or for damages arising by reason of the defendant's possession.'" *Id.* (quoting N.D.C.C. § 47-32-04).

A

[¶14] Transform argues the district court erred in exercising jurisdiction as a summary eviction.

[¶15] Relying on *Riverwood Commercial Park, LLC v. Standard Oil Co.*, 2005 ND 118, ¶¶ 11-12, 698 N.W.2d 478 (holding underground sewer line permit was not a lease, defendants were not lessees under the permit, and eviction statutes were inapplicable), Transform contends eviction under N.D.C.C. ch. 47-32 is not available in cases when an extremely long-term and complex relationship involving multiple parties exists, and when the statutory remedies are ill-suited to resolve complex legal and factual issues. Transform argues the court erred in allowing the matter to proceed under the summary eviction statutes because this case did not involve the simple possession of property.

[¶16] Boutrous responds that section 24 of the Kmart Lease provides that if Transform is in default, Boutrous, after giving proper notice, may "re-enter [the] demised premises by summary proceedings or otherwise." Boutrous also argues that the eviction action falls squarely within the statute's substantive and procedural requirements, and that summary eviction under N.D.C.C. ch. 47-32 was straightforward since Transform was not occupying the property, having closed the Kmart store a year before the eviction hearing. Boutrous contends Transform was entitled to take full advantage of any procedures available in the district court, and much of the delay was attributable to Transform's litigation strategy.

[¶17] When jurisdictional facts are not in dispute, subject matter jurisdiction presents a question of law, reviewed de novo. *Spirit Prop. Mgmt.*, 2017 ND 158, ¶ 7. "Jurisdiction of the court does not depend upon whether its decision is right or wrong, correct or incorrect." *Id.* (quoting *Mills v. City of Grand Forks*, 2012 ND 56, ¶ 10, 813 N.W.2d 574). Section 47-32-01(8), N.D.C.C., provides an eviction action to recover possession of real property may be maintained in the proper district court when "[t]he lessee violates a material term of the written lease agreement between the lessor and lessee." A district court has jurisdiction over eviction actions under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27-05-06 and 47-32-01. *Spirit Prop. Mgmt.*, at ¶ 9; *see also State ex rel. Bd. of Univ. & School Lands v. Alexander*, 2006 ND 144, ¶ 6, 718 N.W.2d 2.

[¶18] Here, N.D.C.C. § 47-32-01(8) allows a lessor to recover possession of real property if a lessee violates a lease's material term. The Kmart lease also allows the landlord to use "summary proceedings." Transform's reliance on *Riverwood*, a case involving a sewer line permit, is inapposite. In *Riverwood*, 2005 ND 118, ¶¶ 9-10, this Court held that N.D.C.C. § 47-32-01(1), (2), and (3) did not apply under the facts of the case and that N.D.C.C. § 47-32-01(4), (7) and (8) required a showing that there is a lease. This Court ultimately held Riverwood chose the wrong remedy and was not entitled to invoke the expedited summary eviction procedure:

> "The major distinction between a lease and an easement or license is that a lease confers exclusive use and possession of the property against the world, including the landowner, whereas an easement or license merely grants a right or permission to nonexclusive use of the land for a specific, limited purpose. Riverwood has at all times had possession of its property. The 1953 permit did not grant Standard exclusive use and possession of any part of NP's land, but merely permitted non-exclusive use of a portion of NP's land for the specific, limited purpose of maintaining a sewer pipeline. The 1953 permit is not a lease, neither Tesoro nor Standard is a lessee under the permit, and therefore subsections (4), (7), and (8) of N.D.C.C. § [47-32-01] on their face are inapplicable in this case.

6

"Riverwood has chosen the wrong remedy to attempt to resolve its claims against Tesoro and Standard, and Riverwood's attempt to 'shoehorn' this case into the summary eviction procedure is unpersuasive. Summary eviction under N.D.C.C. ch. [47-32] is primarily designed to quickly place a landowner back in possession in certain circumstances when there is little or no dispute to his right to possession. The expedited, summary procedure provides no meaningful opportunity for discovery and places the landowner back in possession within a matter of days of serving the summons and complaint. This remedy is particularly ill-suited to resolve complex legal and factual issues arising from an underground sewer line which has been in place for half a century. Although Riverwood may perhaps have some other remedy against Tesoro or Standard, such as an action for trespass or breach of the 1953 permit, it is not entitled to invoke the expedited summary eviction procedure under N.D.C.C. ch. [47-32]."

*Riverwood*, at ¶¶ 11-12 (cleaned up). Transform does not deny the existence of a lease, but argues the factual and legal issues involved here are too complex to proceed under the summary eviction statutes. However, complexity does not divest the district court of jurisdiction under N.D.C.C. § 47-32-01.

[¶19] Chapter 47-32, N.D.C.C., while containing time limitations, does not limit the applicability of these expedited procedures to simple proceedings. For example, in *Aurora Med. Park, LLC v. The Kidney & Hypertension Ctr., PLC*, 2010 ND 122, ¶¶ 11-12, 784 N.W.2d 151, this Court rejected the lessees' argument that "the five-day maximum period for vacating the premises allowed under N.D.C.C. § 47-32-04, which was extended to 30 days in this case by agreement of [the lessor], violates public policy when applied to a medical clinic." There, we explained:

"Public policy is declared by the Legislature's action, *Warner and Co. v. Solberg*, 2001 ND 156, ¶ 20, 634 N.W.2d 65, and the Legislature, through its recent recodification of the eviction statutes, has continued to declare the public policy to be a five-day limit on stays of special executions under N.D.C.C. § 47-32-04. 'It is for the Legislature to weigh conflicting public policy arguments and to enact accordingly.' *Ficek v. Morken*, 2004 ND 158, ¶ 36, 685

7

N.W.2d 98 (VandeWalle, C.J., concurring specially). The public policy arguments made by the [lessees] are issues for the Legislature to consider, and we decline the invitation to rewrite N.D.C.C. ch. 47-32."

*See also Tornabeni v. Creech*, 2018 ND 204, ¶¶ 15-17, 916 N.W.2d 772 (rejecting arguments that "the summary eviction proceedings provided by N.D.C.C. ch. 47-32 violated [defendant's] right to due process" and that "a dispute over the title to property is complex, requires an opportunity for discovery, and the requirement that the hearing be held no fewer than three days or more than 15 days after service of the summons does not provide sufficient time for preparation," where the district court granted a limited continuance from the initial eviction hearing).

[¶20] The district court did not err in exercising jurisdiction under N.D.C.C. ch. 47-32, governing summary eviction.

B

[¶21] Transform argues the district court erred in finding a material breach of the written lease.

[¶22] Whether a lessee has violated a material term of the lease is a question of fact, *see VND*, 2003 ND 198, ¶ 31, while the interpretation of a lease presents a question of law. *Zundel*, 2017 ND 217, ¶ 12. Transform raises a number of arguments that it contends shows the district court erred in finding a material breach of the lease agreement.

[¶23] Transform argues the Kmart Lease at section 24, provides Boutrous' remedies for any alleged breaches of the lease. Transform essentially contends Boutrous did not comply with the lease requirements of notice and time allowing Transform the opportunity to cure a continuing default. Transform argues that Boutrous' notice was vague and insufficient, and that Boutrous instituted the eviction proceedings without proper notice or the ability for Transform to cure, as required under the lease.

8

[¶24] Transform argues the district court erred in finding abandonment because the Kmart Lease and Ground Lease do not require the store to remain open. Transform argues evidence showing its actions in paying rent, having present and future maintenance plans in place, and maintaining insurance could only lead a reasonable person to conclude Transform did not abandon the premises. Transform argues the court erred in its findings regarding the condition of the premises because, absent the notice required under the lease, it cannot be held to Boutrous' subjective and minor complaints when the complained of items no longer existed at the time of the action. Transform contends it was prejudiced when the court allowed Boutrous to solicit testimony and present evidence regarding maintenance deficiencies dating back as far as 2013, because Transform did not assume the lease until 2019.

[¶25] Transform further contends the district court erred in "stacking" the alleged violations to reach its ultimate finding Transform had materially breached the lease. Transform asserts evidence showing alleged violations, such as missed utility payments, failure to provide proof of insurance occurring in 2016, and alleged homeless people found on the site, were nonissues or had been resolved before the eviction hearing. Transform argues the court erred in collectively considering these issues a breach of a material lease term.

[¶26] In its March 23, 2021 order, the district court made findings of fact detailing events occurring at or with the property. The court made clear that it did not consider any problems with the property before April 16, 2019, which the court found was the only date suggesting when Transform had taken over the lease. The court detailed the categories of issues considered at the eviction hearing including the parking lot condition; water leak and broken pipe damage; break-ins, homeless encampments, illegal activity, unauthorized vendors and sales, and de facto used-car lot; trash and debris on the property; long grass and nonpayment of water bill; and violations of specific local ordinances.

[¶27] The district court rejected Transform's main argument that it had no notice of the problems at the property. The court found "Transform essentially abandoned the K-Mart property," and admitted it had no one regularly

9

checking the property. The court found Transform had actual notice of the problems on August 10, 2020, but found Transform should have been aware of the problems starting in March 2020 when police reports showed issues at the property. The court rejected Transform's attempt to argue ignorance to avoid responsibility under the lease.

[¶28] The district court's findings of fact are considered presumptively correct. *Gimbel*, 2020 ND 181, ¶ 5. On this record, we cannot conclude the findings were induced by an erroneous view of the law. Evidence in the record supports the findings and, after reviewing all of the evidence, we are not convinced a mistake has been made. Therefore, the court's findings of fact regarding notice and the existence of a material breach of the lease are not clearly erroneous.

C

[¶29] Transform argues the district court erred by bifurcating the eviction action into two proceedings—one for possession of the property and the other for damages.

[¶30] Generally, "[a] trial court's ruling on bifurcation of trials . . . will not be overturned on appeal unless the complaining party demonstrates the court abused its discretion." *Piatz v. Austin Mut. Ins. Co.*, 2002 ND 115, ¶ 6, 646 N.W.2d 681; *see also Haider v. Moen*, 2018 ND 174, ¶ 13, 914 N.W.2d 520; N.D.R.Civ.P. 42(b) ("For convenience or to avoid prejudice, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."). A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner; its decision is not the product of a rational mental process leading to a reasoned decision; or it misinterprets or misapplies the law. *Tornabeni*, 2018 ND 204, ¶ 16. An abuse of discretion is never assumed, and the party seeking relief must affirmatively establish it. *Piatz*, at ¶ 6.

[¶31] Transform claims N.D.C.C. ch. 47-32 does not allow the district court to bifurcate the eviction hearing from a damages hearing, but requires the court to enter judgment for the plaintiff to have "immediate restitution of the premises" under N.D.C.C. § 47-32-04. Transform argues allowing the court to

10

bifurcate proceedings for eviction and damages is contrary to an inexpensive, expeditious, and simple means to determine possession and permits improperly enlarging the time constraints in N.D.C.C. §§ 47-32-02 and 47-32-04. *See Boutrous I*, 2021 ND 100, ¶¶ 9-13 (Jensen, C.J., specially concurring) ("[S]ubstantial delay in the resolution of the damage claim has the potential to also delay an appeal of the initial eviction determination, despite the fact that restitution of the premises has already been reduced to a 'judgment' with a statutorily limited period the judgment can be stayed."). Transform argues the court's decision to bifurcate the matter into two hearings caused it prejudice, in that it lost its rights to the property while the lease was still in effect but was required to pay rent and maintain the property. Transform also was not allowed an immediate appeal. *Boutrous I*, 2021 ND 100.

[¶32] Boutrous responds the district court entered the decision to bifurcate the eviction and damage actions to provide Transform time to respond to the damage claims, to which Transform raised no objection. Boutrous argues the court was ensuring the eviction action was a speedy determination of the right to possession without bringing in extraneous matters. Boutrous contends the statutes support bifurcation; the relevant inquiry is whether the decision to bifurcate was prejudicial to Transform; and Transform could have requested Rule 54(b) certification for the eviction decision but did not. Boutrous asserts Transform did not suffer harm because of the additional time the case has taken, payment of monthly damages was the only obligation remaining after eviction, and only Boutrous was harmed by the bifurcation and resulting length of the proceedings.

[¶33] As discussed, N.D.C.C. § 47-32-02 provides an expedited procedure: "In any *action for eviction* the time specified in the summons for the appearance of the defendant may not be fewer than three nor more than fifteen days from the date on which the summons is issued." Section 47-32-04, N.D.C.C., limits the claims that may be brought in the action for eviction and provides for immediate restitution of the premises:

> "*An action of eviction cannot be brought in a district court in connection with any other action, except for rents and profits accrued or for damages arising by reason of the defendant's*

11

*possession*. No counterclaim can be interposed in such action, except as a setoff to a demand made for damages or for rents and profits. If the court finds for the plaintiff in the action, the court shall enter judgment that the plaintiff have *immediate restitution of the premises*. Upon a showing by the defendant that immediate restitution of the premises would work a substantial hardship on the defendant or the defendant's family, except in cases in which the eviction judgment is based in whole or in part on a disturbance of the peace, the court may stay the special execution for a reasonable period, *not to exceed five days*."

(Emphasis added.)

[¶34] Section 47-32-04, N.D.C.C., makes a clear distinction between the eviction proceedings and "any other action," stating that "[a]n action of eviction cannot be brought . . . in connection with any other action, except for rents and profits accrued or for damages arising by reason of the defendant's possession." Regarding the time constraints, N.D.C.C. § 47-32-02 refers only to the "action for eviction," rather than any other action or claims for relief. Therefore, when claims "for rents and profits accrued or for damages" are brought with the action for eviction, the time limitations in N.D.C.C. § 47-32-02 necessarily apply. Splitting this cause of action is permitted. *Riverwood Com. Park, L.L.C. v. Standard Oil Co.*, 2007 ND 36, ¶ 17, 729 N.W.2d 101 ("It is axiomatic that res judicata claim preclusion and rules against splitting a cause of action are inapplicable when a statute explicitly prohibits inclusion of additional claims in the original action.").

[¶35] "[C]laims tried separately under Rule 42(b), N.D.R.Civ.P., usually result *in only one judgment*." *Farmers Elevator & Mercantile Co. v. Farm Builders, Inc.*, 432 N.W.2d 864, 869 (N.D. 1988) (emphasis added). "[I]f a separate trial of a claim is ordered under Rule 42(b), a Rule 54(b) order expressly stating there is no just reason for delay in directing the entry of final judgment is necessary to make the judgment final and appealable." *Farmers Elevator*, at 870 (citing *Buurman v. Central Valley School Dist.*, 371 N.W.2d 146, 148 (N.D. 1985)). In contrast, claims that are "severed" under N.D.R.Civ.P. 21 "can become an entirely independent action with a separate judgment independently entered on it." *Farmers Elevator*, at 869. "If a claim against a

12

party is severed under Rule 21, a judgment entered in the severed action requires no Rule 54(b), N.D.R.Civ.P., order to make that judgment final and appealable." *Farmers Elevator*, at 870 (citing *Buurman*, 371 N.W.2d at 148); s*ee also Albrecht v. Albrecht*, 2014 ND 221, ¶ 13, 856 N.W.2d 755 ("Severed claims are appealable without a certification under N.D.R.Civ.P. 54(b).").

[¶36] Here, in bifurcating the proceedings and delaying a hearing on damages for a later date, the district court went beyond the court's broad discretion in a special proceeding under N.D.C.C. ch. 47-32 for controlling the time allotted for the initial eviction hearing. *See Tornabeni*, 2018 ND 204, ¶¶ 16-17 ("An eviction is a special proceeding governed by N.D.C.C. ch. 47-32."). The court's bifurcation resulted in the entry of multiple purported "judgments," with the initial "judgment" not being final. *Boutrous I*, 2021 ND 100, ¶ 6 ("The district court ruled on the eviction claim, but failed to rule on damages. Thus, the court adjudicated fewer than all of the claims.").

[¶37] The district court's bifurcation of the proceedings was inconsistent with N.D.C.C. §§ 47-32-02 and 47-32-04, and therefore an abuse of discretion. An appropriate procedure under these circumstances would have been to sever the claim for damages. Nevertheless, because the court found abandonment, in addition to finding the accumulation of issues constituted a material breach of the lease, the error was harmless with respect to Transform under the circumstances of this case.

IV

[¶38] Transform argues the district court erred in awarding sanctions for the delayed turnover of the property, and erred in ordering it to turn over the property to Boutrous before the eviction proceeding concluded.

[¶39] Generally, "the party to whom [an] order was issued must obey it as long as it remains in force or until it is reversed, modified or set aside on appeal, and the failure to obey such an order is punishable as contempt of court." *Kettle Butte Trucking LLC v. Kelly*, 2018 ND 110, ¶ 14, 910 N.W.2d 882 (quoting *Flattum-Riemers v. Flattum-Riemers*, 1999 ND 146, ¶ 11, 598 N.W.2d 499). "An order holding a person in contempt is a final order for purposes of appeal." *Id.*

13

at ¶ 8; *see also* N.D.C.C. § 27-10-01.3(3). As such, "[a] contempt order is immediately appealable." *Dieterle v. Dieterle*, 2022 ND 161, ¶ 13, 978 N.W.2d 722.

[¶40] "A contempt order is a final order, incidental to the procedure for obtaining a judgment in the action, collateral to the merits of the case, and specifically made appealable by a special statute . . . [and] may be appealed while the underlying action is pending." *Kettle Butte Trucking*, 2018 ND 11, ¶ 9 (cleaned up); N.D.C.C. § 27-10-01.3(3). A party appealing a contempt order must file a notice of appeal with the clerk of the supreme court within 60 days after entry of the judgment or order being appealed. N.D.R.App.P. 4(c).

[¶41] Transform asserts on appeal that the district court's sanction for contempt "in the amount of $4,100.00 would be due from Transform to Boutrous concerning the forty-one days that Boutrous did not take possession." While conceding that an amount has never been reduced to judgment, Transform asserts it "now appeals the sanctions award."

[¶42] Here, the district court's order, which specifically found Transform in contempt and awarded remedial sanctions of $100 a day, was entered on May 26, 2021. Evidence shows the parties had notice of the order by at least May 28, 2021. Transform's notice was filed on March 18, 2022, appealing the court's contempt order entered on May 26, 2021. That attempted appeal is well beyond 60 days and is untimely. *See Orwig v. Orwig*, 2019 ND 78, ¶ 10, 924 N.W.2d 421 ("The time limit for filing a notice of appeal is jurisdictional, and we dismiss an appeal if we conclude we do not have jurisdiction."). We therefore do not have jurisdiction to review the order finding Transform in contempt and imposing a remedial sanction. *See, e.g., Rhodenbaugh v. Rhodenbaugh*, 2019 ND 109, ¶ 27, 925 N.W.2d 742 (dismissing appeal from contempt order, holding this Court lacked jurisdiction to review the contempt order when appeal of contempt order was not filed within 60 days of entry of the order). While Transform asserts a sanction of $4,100 "would be due" from Transform under the contempt order, this amount has not been reduced to a money judgment so it does not appear to be ripe for our review.

[¶43] Transform further contends the district court erred in ordering it to turn over the property to Boutrous before the eviction proceeding concluded. Because the action was bifurcated, Transform argues it had "no choice" but to exhaust all potential legal remedies for fear that voluntarily turning over the property would destroy its appeal right, generally citing *DeMers v. DeMers*, 2006 ND 142, ¶ 27, 717 N.W.2d 545 (holding "individuals that unconditionally, voluntarily and consciously accept a substantial benefit from a divorce judgment waive the right to appeal the judgment").

[¶44] Transform asserts it sought to stay the eviction judgment so that either the first appeal could occur or that the damages hearing could conclude and a final judgment be entered. Transform argues the district court's erroneous findings denying a stay supported Transform remaining in possession of the property to avoid harm to both parties and harm to the public. Transform contends it could not challenge the eviction until the damages judgment was entered, and the court prejudiced Transform by ordering it to turn over the premises despite the pending appeal while continuing to pay rent. Boutrous responds that Transform was not prejudiced when the court ordered Transform to turn over possession. Boutrous asserts Transform was paying damages, in an amount equal to the monthly rent, and subject to Boutrous' duty to mitigate, and the *DeMers* case is inapplicable.

[¶45] Transform's arguments here are largely tied to its issues that the district court erred in bifurcating the proceedings and in awarding sanctions. We have held the bifurcation was harmless error, and Transform did not timely appeal the order finding it in contempt. While Transform argues a stay of the eviction would have prevented prejudice and asserts its concerns of waiving its rights on appeal, *DeMers* does not properly apply under these circumstances. A lessee subject to eviction would not be "unconditionally, voluntarily and consciously" accepting a "substantial benefit" from an eviction judgment when complying with a court's order, even if the court had erred in entering the order. *See Kettle Butte Trucking*, 2018 ND 110, ¶ 14 ("[P]arty to whom [an] order was issued must obey it as long as it remains in force or until it is reversed, modified or set aside on appeal."). Nevertheless, because the court properly granted the judgment of eviction, this issue is moot.

## V

[¶46] The parties' remaining arguments are either without merit or unnecessary to our decision. The amended judgment of eviction is affirmed.

[¶47] Jon J. Jensen, C.J.
   Daniel J. Crothers
   Lisa Fair McEvers
   Jerod E. Tufte

[¶48] Justice Gerald W. VandeWalle was not a member of the Court when this opinion was considered and did not participate in the decision. Justice Douglas A. Bahr was disqualified and did not participate in this decision.