# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 15

Kenneth L. Pinks and Carol A. Pinks,
husband and wife,

Plaintiffs and Appellees

v.

Alexander S. Kelsch, Attorney at Law, and his
professional corporation, Alexander S. Kelsch,
P.C., and the partners of the fictitious name
partnership entity doing business as Kelsch Ruff
Kranda Nagle & Ludwig: Arlen M. Ruff, P.C.;
Todd D. Kranda, P.C.; Daniel J. Nagle, P.C.;
and Garrett D. Ludwig, P.C.,

Defendants and Appellants

### No. 20230161

Appeal from the District Court of Burleigh County, South Central Judicial
District, the Honorable Jay A. Schmitz, Judge.

APPEAL DISMISSED.

Opinion of the Court by McEvers, Justice.

Larry M. Baer, West Des Moines, IA, for plaintiffs and appellees.

Robert B. Stock (argued) and Jack M. Buck (appeared), Fargo, ND, for
defendants and appellants.

**McEvers, Justice.**

[¶1]  Defendants appeal from orders denying their motion for summary judgment and concluding Kenneth Pinks and Carol Pinks (together, "the Pinks") prevailed on the causation element of their legal malpractice action against Defendants. The Pinks move to dismiss this appeal for lack of a final judgment or order and failure to comply with N.D.R.Civ.P. 54(b). We grant the motion and dismiss the appeal.

I

[¶2]  The Pinks commenced this legal malpractice action against Alexander Kelsch, his professional corporation, and the partners of the fictitious name partnership entity doing business as Kelsch Ruff Kranda Nagle & Ludwig. The Pinks alleged Defendants were negligent in representing them in a quiet title action against the State of North Dakota. The district court bifurcated the legal malpractice action to first determine the element of causation. Specifically, whether the Pinks would have achieved a more favorable result in the quiet title action but for the alleged negligence of Defendants. The parties filed cross-motions for summary judgment on the causation element. The court denied the motions, concluding there were genuine issues of material fact.

[¶3]  After a bench trial on the causation element, the district court entered its "Findings of Fact and Opinion RE: Quiet Title Action." The court concluded that had the evidence of the Pinks' ownership of the disputed land been presented in the quiet title action, the Pinks would have obtained judgment declaring their ownership claim was prior and superior to the State's claim of title. The court concluded that by greater weight of the evidence the Pinks proved the element of causation and ordered a jury trial be set on the remaining issues of the legal malpractice claim. Defendants appealed.

## II

[¶4]   The Pinks move to dismiss this appeal, arguing Defendants appealed from interlocutory orders and did not seek N.D.R.Civ.P. 54(b) certification.

[¶5]   "The right to appeal is governed by statute and, absent a statutory basis for the appeal, we must dismiss the appeal." *Ted J. Boutrous, L.L.C. v. Transform Operating Stores, LLC*, 2021 ND 100, ¶ 4, 960 N.W.2d 801. "Only judgments and decrees which constitute a final judgment of the rights of the parties and certain orders enumerated by statute are appealable." *Id.*; *see also* N.D.C.C. § 28-27-01. We apply a two-pronged test when determining whether an interlocutory order is appealable. "First, the order appealed from must meet one of the statutory criteria of appealability set forth in N.D.C.C. § 28-27-02. If it does not, our inquiry need go no further and the appeal must be dismissed. If it does, then Rule 54(b), N.D.R.Civ.P., must be complied with." *Energy Transfer LP v. N.D. Priv. Investigative & Sec. Bd.*, 2022 ND 84, ¶ 7, 973 N.W.2d 404 (cleaned up).

[¶6]   Defendants contend the order denying their motion for summary judgment and the "Findings of Fact and Opinion RE: Quiet Title Action" are appealable under N.D.C.C. § 28-27-02(1) and (5). Section 28-27-02, N.D.C.C., provides, in relevant part:

> The following orders when made by the court may be carried to the supreme court:
>
> 1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;
>
> . . .
>
> 5. An order which involves the merits of an action or some part thereof;
>
> . . . .

"Under Section 28-27-02 an order denying a motion for summary judgment is not appealable." *Gillan v. Saffell*, 395 N.W.2d 148, 149 (N.D. 1986); *see also In*

*re Est. of Vaage*, 2016 ND 32, ¶ 20, 875 N.W.2d 527. Therefore, the order denying Defendants' motion for summary judgment is not appealable.

[¶7] Assuming without deciding the "Findings of Fact and Opinion RE: Quiet Title Action" meets one of the criteria of appealability under N.D.C.C. § 28-27-02, Defendants must comply with N.D.R.Civ.P. 54(b), which provides:

> If an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim, or third-party claim, or if multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Rule 54(b), N.D.R.Civ.P., preserves our long-standing policy against piecemeal appeals. *Baker v. Autos Inc.*, 2017 ND 229, ¶ 7, 902 N.W.2d 508. "[E]ntry of a final judgment adjudicating fewer than all of the claims of all of the parties is permitted only in the infrequent harsh case involving unusual circumstances where failure to allow an immediate appeal would create demonstrated prejudice or hardship." N.D.R.Civ.P. 54(b), Explanatory Note. It is undisputed that Defendants did not request entry of a final judgment as to one or more, but fewer than all, claims or parties. Instead of seeking certification under Rule 54(b), Defendants appealed to this Court.

[¶8] We "will not consider an appeal in a multi-claim or multi-party case which disposes of fewer than all claims against all parties unless the [district] court has first independently assessed the case and determined that a Rule 54(b) certification is appropriate." *Ted J. Boutrous*, 2021 ND 100, ¶ 6 (alteration in original). In *Ted J. Boutrous*, we dismissed an appeal where the defendants did not seek Rule 54(b) certification and the district court only ruled on the eviction claim, but did not rule on damages. *Id.* We concluded the

court adjudicated fewer than all of the claims and none of the orders or judgments appealed from were final. *Id.*

[¶9] The "Findings of Fact and Opinion RE: Quiet Title Action" addresses only the causation element of the legal malpractice claim. Still left to be adjudicated are the elements of existence of an attorney-client relationship, a duty by the attorney to the client, a breach of that duty by the attorney, and damages. *Davis v. Enget*, 2010 ND 34, ¶ 7, 779 N.W.2d 126. Therefore, N.D.R.Civ.P. 54(b) applies and Defendants failed to comply with the rule.

[¶10] Defendants argue they did not need to seek Rule 54(b) certification because Rule 54(b) does not supersede N.D.C.C. § 28-27-02, citing *Sheets v. Letnes, Marshall & Fiedler, Ltd.*, 311 N.W.2d 175 (N.D. 1981). In *Sheets*, the Court concluded that the district court order granting summary judgment on the issue of liability for legal malpractice affected the substantial legal rights of the appealing law firm and involved the merits of an action or some part thereof, and therefore was appealable. 311 N.W.2d at 179. The Court noted that "Rule 54(b) deals with finality and does not supersede statutes which control appellate jurisdiction. . . . Nor does Rule 54(b) affect the appealability of interlocutory orders which are appealable by statute." *Id.* In *Sheets*, the law firm moved the district court for Rule 54(b) certification prior to appeal, which was denied. *Id.* at 178. The Court "express[ed] no comment whether or not a statute authorizing an appeal may be superseded by a rule adopted by this Court." *Id.* at 179.

[¶11] Here, Defendants did not move for Rule 54(b) certification and the district court only ruled on the causation element of the legal malpractice claim. In *Sheets*, the law firm moved for Rule 54(b) certification, which was denied, and the district court ruled on the issue of liability, which "eliminate[d] any defenses to liability." 311 N.W.2d at 179. Therefore, *Sheets* is different from this case. *See also Gauer v. Klemetson*, 333 N.W.2d 436, 438 (N.D. 1983) (distinguishing *Sheets* and noting that "[i]n *Sheets* the order for partial summary judgment and the subsequent denial of a Rule 54(b) motion did have an effect on the merits because it determined liability, prohibited an appeal on the issue of liability, and restricted the trial to the issue of damages").

4

[¶12] Further, in subsequent cases, we have recognized that *Sheets* is no longer controlling precedent. *Gissel v. Kenmare Twp.*, 463 N.W.2d 668, 672 (N.D. 1990) ("[O]ur decision in *Sheets* . . . regarding the applicability of Rule 54(b) certification to orders that are appealable under § 28-27-02, is no longer controlling."); *Thompson v. Goetz*, 455 N.W.2d 580, 583 (N.D. 1990) (noting *Sheets* "predates the 'shift in our appellate procedure regarding the applicability of Rule 54(b) certification to orders that are appealable pursuant to Section 28-27-02, N.D.C.C.'") (quoting *Peterson v. Zerr*, 443 N.W.2d 293, 296 (N.D. 1989)). To the extent *Sheets* held Rule 54(b) did not need to be complied with prior to appealing an interlocutory order under § 28-27-02, we now clarify that *Sheets* is overruled.

[¶13] Defendants failed to comply with N.D.R.Civ.P. 54(b). Accordingly, we grant the Pinks' motion to dismiss the appeal.

### III

[¶14] In addition to dismissal, the Pinks request costs and attorney's fees incurred in resisting this appeal. Under N.D.R.App.P. 38, if we determine that an appeal is frivolous, we "may award just damages and single or double costs, including reasonable attorney's fees." "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith." *Buchholz v. Buchholz*, 2022 ND 203, ¶ 43, 982 N.W.2d 275. We conclude Defendants' appeal is not flagrantly groundless or devoid of merit and does not demonstrate bad faith in pursuing the litigation. We deny the Pinks' request for costs and attorney's fees.

### IV

[¶15] The appeal is dismissed.

[¶16] Jon J. Jensen, C.J.
Lisa Fair McEvers
Jerod E. Tufte
Allan L. Schmalenberger, S.J.
William A. Neumann, S.J.

[¶17] The Honorable Allan L. Schmalenberger, S.J., and the Honorable William A. Neumann, S.J., sitting in place of Crothers, J., and Bahr, J., disqualified.