# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2026 ND 33

Rent Daddy's, LLC,                                                            Plaintiff

v.

Jessica Gamel,                                          Defendant and Appellant

and

All Others in Possession,                                              Defendants

### No. 20250408

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Scott O. Diamond, Judicial Referee.

AFFIRMED.

Per Curiam.

Jessica Gamel, self-represented, Fargo, ND, defendant and appellant; submitted on brief.

**Per Curiam.**

[¶1]   Jessica Gamel appeals from an eviction judgment entered in November 2025. She argues Rent Daddy's, LLC violated N.D.R.Civ.P. 62(a) by executing the eviction during the automatic stay period; unlawfully disposed of her personal property valued over $12,000 in violation of N.D.C.C. § 47-16-30.1; retaliated against her for raising habitability complaints; wrongfully seized her emotional-support animal; and maintained uninhabitable conditions that resulted in the removal of her child.

[¶2]   The section of Gamel's appellate brief arguing Rent Daddy's violated N.D.R.Civ.P. 62(a) is devoid of citations to the record, and her argument is conclusory and lacks sufficient factual or legal analysis. Her brief does not meet the minimum requirements of N.D.R.App.P. 28. *See State v. Noack*, 2007 ND 82, ¶ 9, 732 N.W.2d 389 (discussing the "absolutely imperative" requirements of N.D.R.App.P. 28). This Court does not address inadequately briefed issues. *Hoff v. State*, 2024 ND 235, ¶ 16, 14 N.W.3d 892; *see also State v. Gomez*, 2025 ND 60, ¶ 18, 18 N.W.3d 829 ("A party waives an issue by not providing supporting argument and, without supportive reasoning or citations to relevant authorities, an argument is without merit." (cleaned up)); *State v. Glaum*, 2024 ND 47, ¶ 42, 4 N.W.3d 540 ("When a party fails to provide supporting argument for an issue [the party] is deemed to have waived that issue. This Court does not consider arguments that are not adequately articulated, supported, and briefed on appeal." (internal citations omitted)).

[¶3] Gamel's remaining claims, whether classified as counterclaims or defenses, could not be brought in the eviction proceeding. *See, e.g., Nelson v. Johnson*, 2010 ND 23, ¶ 35, 778 N.W.2d 773 (counterclaim for retaliatory eviction is not appropriate in eviction action "because it does not involve a setoff for damages or for rents and profits"); *Poppe v. Stockert*, 2015 ND 252, ¶ 14, 870 N.W.2d 187 (post-eviction conversion action for the removal of tenants' property).

[¶4]   "Eviction actions under N.D.C.C. ch. 47-32 are designed to be summary proceedings." *Ted J. Boutrous, L.L.C. v. Transform Operating Stores, LLC*, 2023 ND 35, ¶ 13, 987 N.W.2d 350. Section 47-32-04, N.D.C.C., "strictly limits the parties' ability to combine the eviction with other claims and precludes the defendant from interposing a counterclaim, except as a setoff to the plaintiff's claim for damages, rent, or profits." *Id.* (quoting *Cheetah Props. 1, LLC v. Panther Pressure Testers, Inc.*, 2016 ND 102, ¶ 20, 879 N.W.2d 423).[1] "The proceeding is limited to a speedy determination of the right to possession of the property, without bringing in extraneous matters. The purpose of the statute is to provide an inexpensive, expeditious, and simple means to determine possession." *Id.* (quoting *Cheetah Props.*, ¶ 20); *see also Cache Priv. Cap. Diversified Fund LLC v. Braddock*, 2025 ND 168, ¶ 17, 26 N.W.3d 688 ("Section 47-32-04, N.D.C.C., provides eviction actions are not joinable with other actions, and that counterclaims and defenses may not be interposed, except as a setoff to a demand made for damages or for rents and profits."). "The purpose of the no-counterclaim provision is to get a speedy determination of possession without bringing in extraneous matters." *Watford City Lodging LLC v. Miskin*, 2019 ND 136, ¶ 13, 927 N.W.2d 860.

---

[1] Section 47-32-04, N.D.C.C., provides in part:

> An action of eviction cannot be brought in a district court in connection with any other action, except for rents and profits accrued or for damages arising by reason of the defendant's possession. No counterclaim can be interposed in such action, except as a setoff to a demand made for damages or for rents and profits.

[¶5] Gamel's N.D.R.Civ.P. 62(a) argument is inadequately briefed. Her other arguments assert counterclaims or defenses not authorized in eviction actions. We summarily affirm under N.D.R.App.P. 35.1(a)(1), (7), and (8).

[¶6] Lisa Fair McEvers, C.J.
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Douglas A. Bahr